1 LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Todd M. Friedman (SBN 216752)
2 Adrian R. Bacon (SBN 280332)
3 Meghan E. George (SBN 274525)
324 S. Beverly Dr., #725
4 Beverly Hills, CA 90212
Phone: 877-206-4741
5 Fax: 866-633-0228
6 tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com
7 mgeorge@toddflaw.com
8 *Attorneys for Plaintiff*

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
UNLIMITED JURISDICTION

| | |
|---|---|
| RENEE OLLOQUE, MARIO OLLOQUE, AND MALLORY OLLOQUE, | Case No. 16K02882 |
| Plaintiffs, | FIRST AMENDED COMPLAINT |
| vs. | (Amount to exceed $25,000) |
| NATIONAL COLLEGIATE FUNDING LLC, AND WELTMAN, WEINBERG & REIS CO., LPA, | 1. BREACH OF SETTLEMENT AGREEMENT<br>2. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING<br>3. VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br>4. VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT<br>5. VIOLATION OF FAIR CREDIT REPORTING ACT<br>6. VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT |
| Defendants. | JURY TRIAL DEMANDED |

Complaint - 1

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' breach of settlement agreement entered by Plaintiffs and Defendants on or around October 2013, and breach of the covenant of good faith and fair dealing implied in every contract. Additionally, Plaintiffs bring this action for damages brought as individual consumers for Defendants' violations of the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 (a) (hereinafter "CCRA") and the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information. In addition, this action is brought for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices

## PARTIES

2. Plaintiffs, RENEE OLLOQUE, MARIO OLLOQUE, AND MALLORY OLLOQUE ("PLAINTIFFS"), are natural persons residing in Los Angeles County in the state of California, and are "debtors" as defined by Cal. Civ. Code §1788.2(h). Plaintiffs are "consumers" as defined by 15 U.S.C. §1681a and 15 U.S.C. §1692a(3).

3. Defendant, National Collegiate Funding LLC ("Defendant National" collectively "Defendants"), is a Limited Liability Company that does business in California, including Los Angeles County. At all relevant times herein, Defendant, National Collegiate Funding LLC, was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiffs which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f) and a "debt," as defined by 15 U.S.C. §1692a(5). Defendant National

Collegiate Funding LLC regularly attempts to collect debts alleged to be due, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) and the RFDCPA, Cal. Civ. Code §1788.2(c). Further, Defendant National Collegiate Funding LLC regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA and CCRA.

4. Defendant, Weltman, Weinberg & Reis Co., LPA, ("Defendant Weltam", collectively "Defendants"), is DEFENDANT NATIONAL's servicing agent and legal representative, and it does business in California, including Los Angeles County. At all relevant times herein, Defendant WELTMAN was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiffs which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f) AND as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c) and the FDCPA, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

5. On or about March 2013 Plaintiffs retained counsel to negotiate a debt settlement with Defendant National. Defendant National was represented by Defendant Weltman at all times during the debt settlement negotiations.

6. In the ensuing months, the parties entered into settlement negotiations through their respective counsel.

7. On or about October 29, 2013, after lengthy settlement negotiations, Defendant Weltam sent Plaintiffs' Counsel written confirmation of the debt settlement agreement with the following terms:

a. This is to confirm the revised agreement to settle the abovementioned National Collegiate Trust accounts for $33,000.00. The settlement will be paid as follows: $200.00 per month starting November 25, 2013 and continuing on the 25th of each month until $19,000.00 is paid. Also your clients will make a payment of $14,000.00 on or before January 23, 2014.

b. Please make the checks payable to Weltman, Weinberg & Reis. Please write WR#20003599 and 20003600 on each check. Please mail the checks to P.O. Box 93596, Cleveland, OH 444101-5596.

8. Plaintiffs have complied with every terms of the debt settlement agreement, making timely payments to Defendant Weltman.

9. Defendant Weltman, however, has failed to update Plaintiffs' credit bureau reports with information reflecting the settlement agreement and Plaintiffs' timely payments. Among other things, the credit reports shows that Plaintiffs are seriously past due on their accounts, and the account balances exceed the amounts agreed upon in the settlement.

10. More than two years have passed since Plaintiffs received a fully executed copy of the Agreement and Defendants do not and cannot deny that the Agreement has been fully executed and that they have failed to comply with the terms of the settlement agreement.

11. Defendants knew that their representations were false; specifically, they knew that there was no intention of Defendants to inform the credit bureaus of Plaintiffs' update balance and payment activity. Such knowledge is evidenced by the fact that more than two years have passed since the full execution of the agreement, and that Plaintiffs have fully complied with the terms of the settlement agreement. The representations Defendants made to Plaintiffs, via the Agreement, were false and made with the intention of inducing Plaintiffs to enter into the Agreement. Plaintiffs, in good-faith, relied on Defendants' representations, believing them to be true and executed the settlement agreement.

12. To date, Defendants have failed to inform the credit bureaus of Plaintiffs' updated balances and payment history in compliance with the Settlement Agreement, and to remove erroneous and false delinquent information from Plaintiffs' accounts.

13. Plaintiffs have and continue to dispute the debt.

14. Defendants did not contact and failed to inform Plaintiffs of their intention to report negative information on their credit reports after the settlement agreement.

15. Defendants are aware that credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

16. As a result of Defendant's inaccurate reporting of Plaintiffs' accounts, Plaintiffs' credit scores decreased.

17. The inaccurate information negatively reflects upon the Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as a debtor and Plaintiffs' credit worthiness.

18. Plaintiffs were denied at least three loans from different brokers and had to take out at least two auto loans at a higher interest rate as a result of Defendant's reporting.

19. The credit reports have been and continue to be disseminated to various persons and credit guarantors, both known and unknown.

20. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

21. Plaintiffs have been damaged and continue to be damaged, in the following ways:

   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about plaintiff to other people both known and unknown; and
   b. Decreased credit score which may result in inability to obtain credit on future attempts.

22. In addition, Defendant's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

   a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

   b) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f));

   c) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

   d) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1));

   e) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8)); and

   f) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10)).

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

25. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## CAUSE OF ACTION ONE
## BREACH OF SETTLEMENT AGREEMENT

26. Plaintiffs re-alleges and incorporates by reference as fully set forth herein paragraphs 1-22.

27. The Agreement at issue is a written agreement that was entered into between competent parties, by executing the Agreement after a thorough review and the advice of their counsel. The Agreement contained bargained for and adequate consideration and a valid offer and acceptance. Thus, there was a valid and binding contract between the parties. At all times relevant herein, the Agreement was binding on Plaintiffs and Defendants.

28. To date, Plaintiffs have performed all obligations and have met all terms and conditions required of them, in accordance with the terms of the Agreement. However, Defendants have failed to perform their obligations under the Agreement and refuse to do so, despite the fact that the conditions required under the Agreement, requiring Defendants' performance, have already occurred.

29. Plaintiffs have been harmed by Defendants' failure to perform their obligations under the Agreement under the valid and binding contract between the parties. Plaintiff have suffered financial and emotional harm and have incurred attorney's fees and costs as a proximate result of Defendants' breach of Settlement Agreement and contract.

## CAUSE OF ACTION TWO

**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

27. Plaintiffs re-allege and incorporate by reference as fully set forth herein paragraphs 1-26.

28. The Agreement at issue is a written agreement that was entered into between competent parties, by executing the Agreement after a thorough review and the advice of their counsel. The Agreement contained bargained for and adequate consideration and a valid offer and acceptance. Thus, there was a valid and binding contract between the parties. At all times relevant herein, the Agreement was binding on Plaintiffs and Defendants.

29. To date, Plaintiffs have performed all obligations and have met all terms and conditions required of them, in accordance with the terms of the Agreement. However, Defendants have failed to perform their obligations under the terms of the Agreement and refuse to do so, despite the fact that the conditions required under the Agreement, for Defendants' performance, have already occurred.

30. Defendants unfairly interfered with Plaintiffs' rights to receive the agreed upon consideration set forth in the Agreement by willfully and knowingly refusing to inform the credit bureaus about the true nature of the status of settled accounts.

31. Defendants prepared and entered into the Agreement with no good-faith intention of performing the obligations that it agreed to perform, therein.

32. Plaintiffs have been harmed by Defendants' failure to perform their obligations under the Agreement under the valid and binding contract between the parties. Plaintiff have suffered financial and emotional harm and have incurred attorney's fees and costs as a proximate result of Defendants' breach of Settlement Agreement and contract.

**COUNT III: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

33. Plaintiffs re-allege and incorporate by reference as fully set forth herein paragraphs 1-33

34. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

35. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

36. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

37. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

38. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**CAUSE OF ACTION IV: VIOLATION OF THE FAIR CREDIT REPORTING ACT**

39. Plaintiff reincorporates by reference all of the preceding paragraphs.

40. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

**CAUSE OF ACTION V: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

41. Plaintiff reincorporates by reference all of the preceding paragraphs.

42. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

**CAUSE OF ACTION VI: VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

43. Plaintiff reincorporates by reference all of the preceding paragraphs.

44. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully prays that judgment be entered against Defendant for the following:

    a. Actual damages as proven;
    b. Statutory damages for willful and negligent violations;
    c. Punitive damages;
    d. Civil penalties;
    e. Declaratory and/or injunctive relief;
    f. Specifically, an Order forcing Defendants to comply with the terms of the Settlement Agreement within 5 business days;
    g. Attorney's fees;
    h. Costs;
    i. For such other and further relief as may be just and proper.

**PLAINTIFFS HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 16th Day of June, 2016.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiffs

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business Address is 324 S. Beverly Dr., #725, Beverly Hills, CA 90212.

On June 16, 2016, I served the following document(s) described as: **FIRST AMENDED COMPLAINT** on all interested parties in this action by placing:

[X]  A true copy
[ ]  the original thereof enclosed in sealed envelope(s) addressed as follows:

| Stephen H. Turner<br>Lewis Brisbois Bisgaard & Smith LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | |

[ ]  BY FACSIMILE – The facsimile machine used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), caused the machine to print a record of the transmission.

[ ]  BY ELECTRONIC SERVICE – I transmitted a PDF version of this document by electronic mail to the party(s) identified above using the e-mail address(es) indicated..

[X]  BY MAIL I deposited such envelope in the mail at Beverly Hills, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than (1) day after date of deposit for mailing in affidavit..

[X]  STATE – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 16, 2016, at BEVERLY HILLS, California.

By: _____
Yoel S. Hanohov

Complaint - 11

Exhibit A - Page 13